No. 33,238

CHARLES D. ISE et al., *Plaintiffs*, v. P. W. AKERS et al., *Defendants*.

(61 P. 2d 906)

Opinion filed November 7, 1936.

*Dallas W. Knapp*, of Coffeyville, for the plaintiffs.

*Richard L. Becker*, county attorney, and *Raymond Belt*, deputy county attorney, for the defendants.

The opinion of the court was delivered by

BURCH, C. J.: The action is one of mandamus, commenced by the board of education of the city of Coffeyville, to compel the board of county commissioners of Montgomery county to make a levy of taxes to pay a deficiency due plaintiff for tuition of rural pupils attending the city high school. The county clerk of Montgomery county is joined as a defendant. The facts are not in dispute, and the question is one of statutory interpretation.

Pursuant to chapter 245, Laws of 1921, Montgomery county discontinued maintenance of its county high school. Section 5 of the act, relating to consequences of such a change in the school system of a county reads:

"That any student graduating from the common schools of any county adopting the provisions of this act and residing outside of the boundaries of any accredited high school within such county shall be deemed a rural pupil, and shall have the right to attend any accredited high school within such county as he may choose, without paying a tuition fee, and said board of commissioners shall cause to be paid to the treasurer of such accredited high school the sum of $8 for each and every month such student shall attend such high school, and for the payment of such sum shall annually, not later than the second Monday of August of each year, levy a tax not exceeding one mill on the dollar on the assessed valuation of all of the property, both real

and personal, within said county, excluding from said levy the property of any district or city in which is maintained a four-year accredited high school or rural high school: *Provided,* That if the levy for any year be insufficient, such board of county commissioners shall issue their warrant therefor, and such deficiency shall be taken up in the next annual levy: *And provided further,* That any surplus remaining from any one year shall be used for like purpose during the following year: . . ." (R. S. 72-2705.)

Previous to enactment of the cash-basis law, the one-mill tax had not been sufficient to pay the tuition of rural pupils attending the city high school, and deficiencies were taken care of pursuant to the cash-basis law. Since the cash-basis law was enacted, the one-mill levy has not been sufficient to pay the tuition of rural pupils, and deficiencies have accrued for three years, amounting to more than $14,000.

It is agreed that because of the cash-basis law, the deficiencies accruing in any year may not be taken up by issuing warrants. There is no contention the cash-basis law otherwise affects the section of the act of 1921 quoted above. There is no contention a levy of one mill, plus a sum sufficient to take up a deficiency previously incurred, would be prohibited by any other statute.

The board of county commissioners contends the first proviso of the statute applied only when a levy of less than one mill had been made for tuition purposes. The court does not so read the statute. If the levy for any year, whatever the amount, was inadequate, the deficiency temporarily taken up by warrants was to be covered by the next annual levy.

The board of county commissioners further contends that, in case of a levy of one mill, which is insufficient and a deficiency results, the deficiency must be met with a one-mill levy for the next year. In short, the board has no power to make a tuition levy in any year greater than one mill. The court does not so read the statute.

Omitting the reference to warrants, the statute provides that if the levy for any year be insufficient to pay tuition, the deficiency shall be taken up in the next annual levy. Therefore, if the board is confronted with necessity to make a levy of one mill for tuition and a deficiency already exists, an additional levy must be made to take up the deficiency.

The board of county commissioners merely desired to know the extent of its power, and stood ready to act in accordance with the court's view. Judgment for plaintiff has already been announced, and on receipt of a statement to the clerk of this court that the judgment has been complied with, no writ will issue.